# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 30, 2021

| | |
|---|---|
| * * * * * * * * * * * * * * <br> GARY WARD, <br> <br>           Petitioner, <br> <br> v. <br> <br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br> <br>           Respondent. <br> * * * * * * * * * * * * * * | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | UNPUBLISHED <br> <br> <br> No. 19-1621V <br> Special Master Oler <br> <br> Attorneys' Fees and Costs |

*Bradley S. Freedberg*, Bradley S. Freedberg, P.C., Denver, CO, for Petitioner.
*Sarah C. Duncan*, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On October 17, 2019, Gary Ward ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program[2] alleging that chronic inflammatory demyelinating polyneuropathy as a result of an influenza vaccination he received on October 28, 2016. Pet. at 1. On April 19, 2021, the parties filed a joint stipulation for dismissal of the claim and on the same day, the undersigned issued her order concluding proceedings. (ECF No. 34).

On April 20, 2021, Petitioner filed an application for final attorneys' fees and costs. (ECF No. 35) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $21,995.20, representing $21,595.20 in attorneys' fees and $400.00 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner states that he has not incurred any costs related to this litigation. (ECF No. 36). Respondent responded to the motion on May 3, 2021, stating that

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

"Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 37). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.     **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, the undersigned does not doubt it was filed in good faith, and there was a reasonable basis for the case to proceed for as long as it did. Petitioner is therefore entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

  a. **Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for his counsel: for Mr. Bradley Freedberg, $484.00 per hour for work performed in 2019-2021; and for Mr. Gurney Pearsall III, $350.00 per hour for work performed in 2020 and 2021. The undersigned has recently addressed reasonable hourly rates for Mr. Freedberg and Mr. Pearsall in another case and shall apply those rates herein. *Comeau v. Sec'y of Health & Human Servs.*, No. 19-198V, slip op. at 2-3 (Fed. Cl. Spec. Mstr. June 15, 2021). Accordingly, Mr. Freedberg is awarded $390.00 per hour for work performed in 2019, $410.00 per hour for work performed in 2020, and $455.00 per hour for work performed in 2020; Mr. Pearsall is awarded $255.00 per hour for work performed in 2020 and $270.00 per hour for work performed in 2021. Additionally, based on these rates and Mr. Pearsall's

experience, a reasonable hourly rate for 2019 is $235.00 per hour. Application of these rates results in a reduction of $4,701.20.[3]

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be largely reasonable. However, a small reduction must be made for paralegal and administrative tasks billed at attorney hours (in this case, such tasks include faxing documents and bates stamping records). These issues are not new to Mr. Freedberg's fees motions. *See, e.g., Hergett v. Sec'y of Health & Human Servs.*, No. 17-2008V, 2020 WL 1080295, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2020); *Mackey v. Sec'y of Health & Human Servs.,* No. 16-1289V, 2020 WL 2596801, at *7 (Fed. Cl. Spec. Mstr. May 10, 2018). Upon review, a reduction of $500.00 is reasonable to offset the aforementioned issues. Petitioner is therefore awarded final attorneys' fees in the amount of $16,394.00.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $400.00 in attorneys' costs. for the Court's filing fee. This cost is reasonable and shall be fully reimbursed.

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

---

[3] For Mr. Freedberg:

2019: ($484.00 per hour requested - $390.00 per hour awarded) * 16.5 hours billed = $1,551.00.
2020: ($484.00 per hour requested - $410.00 per hour awarded) * 0.4 hours billed = $29.60.
2021: ($484.00 per hour requested - $455.00 per hour awarded) * 4.65 hours billed = $134.85.

For Mr. Pearsall:

2019: ($350.00 per hour requested - $235.00 per hour awarded) * 8.3 hours billed = $954.50
2020: ($350.00 per hour requested - $255.00 per hour awarded) * 9.55 hours billed = $907.25.
2021: ($350.00 per hour requested - $270.00 per hour awarded) * 14.05 hours billed = $1,124.00.

| | |
|---|---|
| Attorneys' Fees Requested | $21,595.20 |
| (Reduction to Fees) | - ($5,201.20) |
| **Total Attorneys' Fees Awarded** | **$16,394.00** |
| | |
| Attorneys' Costs Requested | $400.00 |
| (Reduction to Costs) | **-** |
| **Total Attorneys' Costs Awarded** | **$400.00** |
| | |
| **Total Amount Awarded** | **$16,794.00** |

**Accordingly, the undersigned awards a lump sum in the amount of $16,794.00, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Bradley Freedberg.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).